## (July 7, 1972)

■ FRANCES CAPLAN, Respondent, v. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, DIVISION OF THE LOTTERY, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel appellants to accept from petitioner lottery ticket number 452379 and include it in a final bonus drawing originally to be held on June 15, 1972, the appeal is from a judgment of the Supreme Court, Kings County, entered July 5, 1972, which granted the application and directed that the drawing be held on June 28, 1972. Judgment affirmed, without costs, and appellants are directed to hold a new final bonus drawing on July 19, 1972. In our opinion, the regulations of the Commissioner of Taxation and Finance regarding the operation of the final bonus drawing of the State lottery are too nebulous to permit a forfeiture of petitioner's right to have her lottery ticket number included in the final bonus drawing. The Commissioner's regulations provide that an eligible ticket holder shall have "at least 18 calendar days" after the day of the preliminary bonus drawing to register for the final bonus drawing (20 NYCRR 700.56 [d]). Petitioner attempted to register one day after an 18-day registration period set by the Commissioner, but the tendered registration was rejected by the Commissioner as untimely. However, there is neither a provision in the aforenoted regulations for a definitive determination of the date of the preliminary bonus drawing or the length of the registration period, or for the giving of notice in any manner by the State to eligible ticketholders once such a date and registration period are established by the Commissioner. There is no information printed on the lottery ticket which would enable the ticketholder to ascertain the appropriate time schedules and conduct to be observed. Under the special circumstances of this case, and in the conceded absence of any prejudice or inconvenience to the State, the Commissioner's rejection of petitioner's tendered registration was

arbitrary and capricious and cannot be supported on the record. Hopkins, Acting P. J., Gulotta and Benjamin, JJ., concur; Martuscello and Brennan, JJ., dissent and vote to reverse the judgment and dismiss the petition, with the following memorandum: The State Legislature has provided the Commissioner of Taxation and Finance with the power to operate and administer the State lottery and to promulgate rules and regulations governing the establishment and operation thereof (Tax Law, § 1305). Pursuant to this power, the Commissioner has promulgated a regulation stating that those persons holding eligible tickets for a final bonus lottery shall have at least 18 days from the day of the preliminary bonus drawing to appear at an appropriate office, register their names and addresses, surrender their tickets and receive receipts therefor (20 NYCRR 700.56 [d]). The regulations of the Commissioner further provide that those bonus participants who fail to register for the final bonus drawing in the allotted time period are not qualified to participate in the final bonus drawing but are only entitled to a "bonus pool prize" (20 NYCRR 750.56 [g] [6]; see, also, 20 NYCRR 750.56 [d] [f] [1]). The preliminary bonus drawing herein was conducted on May 25, 1972 and, pursuant to an 18-day registration period as set by the Commissioner, petitioner had until June 12, 1972 to register. She did not appear at an appropriate office to register until June 13, 1972. The tendered registration was refused by the Commissioner's agents on the ground that it was not timely. The next day petitioner commenced this article 78 proceeding for an order directing the Department of Taxation and Finance to accept her lottery ticket number in the final bonus drawing to be held on June 15, 1972, alleging that she first discovered her eligibility on June 13, 1972. Special Term issued an order directing the Commissioner to accept petitioner's lottery ticket and to hold the final bonus drawing on June 28, 1972. In our opinion, the Special Term was in error. The Commissioner is vested by the Legislature with the authority to promulgate regulations governing the operation of the lottery, including the discretion to conduct a bonus drawing on such conditions as the Commissioner may determine. While the regulations do not explicitly provide for the giving of notice as to the actual date of the preliminary bonus drawing, from which date the registration period begins to run (20 NYCRR 700.56 [d]), the record herein indicates that on May 22, 1972, the Division of the Lottery issued a statewide press release informing the public that the preliminary bonus drawing would be held on May 25, 1972 and that eligible ticket holders had to register on or before June 12, 1972. Similar warnings as to an 18-day registration period appeared in newspapers throughout the State and in pamphlets issued by the Division of the Lottery. These newspaper notices were adequate and reasonable notice to all parties in interest and their publication was within the scope of authority conferred upon the Commissioner, whose rules and activities are binding upon such parties in interest (see *Matter of City of Utica* v. *Water Pollution Control Bd.*, 5 N Y 2d 164, 169). Moreover, the Commissioner should not be held accountable to strict concepts of notice in the operation of the bonus lottery, which is in the nature of a gratuity offered by the State. Under there circumstances, we are of the opinion that petitioner was not deprived of any substantial right by the Commissioner's refusal to accept her ticket beyond the 18-day registration period.